NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2305
_____

KYLE STECHERT AND MARIE STECHERT,
on behalf of themselves and all others similarly situated,
Appellant

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY; THE
TRAVELERS COMPANIES, INC.; TRAVELERS PROPERTY
CASUALTY COMPANIES; TRAVELERS INDEMNITY COMPANY

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-17-cv-00784)
District Judge: Honorable J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2019

Before: McKEE, ROTH, FUENTES Circuit Judges
(Opinion filed: August 2, 2019)

---

## OPINION[*]

---

McKEE, Circuit Judge

Kyle and Marie Stechert appeal the District Court's grant of summary judgment in favor of Travelers Home and Marine Insurance Company[1] and against the Stecherts on their claims that Travelers breached the terms of its automobile insurance policy and acted in bad faith under 42 Pa. C.S. § 837 when it denied Extended Transportation Expense (ETE) coverage after their automobile was "totaled" in an accident. The Stecherts also appeal the District Court's denial of their request for declaratory and equitable relief. For the reasons that follow, we will reverse.[2]

## I.

The Stecherts' Travelers insurance policy covered ETE to compensate them for the cost of transportation if a covered accident deprived them of the use of a covered vehicle. The coverage allowed for replacement transportation expenses up to $900 ($30 per day for 30 days) unless Travelers determined that replacement transportation could reasonably be obtained in less time. The specific language is as follows:

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Travelers Home and Marine Insurance Company, the Travelers Companies, Inc., Travelers Property Causal Companies, and Travelers Indemnity Company were all named as defendants. The District Court failed to address their claim that only Travelers Marine is an appropriate party here. The court can address this claim, along with subject matter jurisdiction, on remand.

[2] Judge Roth would affirm for substantially the reasons set out by the District Court in its opinion.

**B. Extended Transportation Expenses.**  When there is a loss to a "your covered auto" described in Declarations for which a specific premium charge indicates Coverage G - Extended Transportation Expenses is afforded, or to a "non-owned auto", we will pay, without application of a deductible, up to the amount per day to a maximum as shown in Declarations for:

1.  Transportation expenses incurred by you

2.  Loss expenses incurred for which you become legally responsible in the event of a loss to a "non-owned auto".

This coverage applies if:

1.  "Your covered auto" or the "non-owned auto" is withdrawn from use for more than 24 hours; and

2.  The loss is caused by "collision" or is covered under Coverage F-Comprehensive of this policy.

However, this coverage does not apply when there is a total theft of "your covered auto" or "non-owned auto". Such coverage is provided under Coverage F of this policy.

Our payment will be limited to that period of time reasonably required to repair or replace the "your covered auto" or the "non-owned auto".[3]

Marie Stechert was involved in an automobile accident on January 23, 2015 that resulted in the total loss of her 2014 Chevrolet Equinox.  Travelers concedes that the automobile was covered under the policy. Accordingly, by the terms of the policy, Travelers had agreed to pay ETE expenses for a maximum of 30 days or such lesser time as Travelers may have determined was reasonable for the Stecherts to obtain replacement transportation.  Although Travelers argues that insurance adjuster Mary Jane Hamrah determined it was reasonable for the Stecherts to obtain a replacement vehicle in less than

---

[3]  Br. for Appellant, 6.

3

30 days, Hamrah testified in her deposition that she did not make any such determination. Travelers' recital of the undisputed facts also did not include an assertion that any such determination was made by any of its agents.

Rather, Travelers states that it "extended the rental vehicle return date several times" even though the 30-day ETE period had not lapsed.[4] This extension was made in accordance with Travelers' practice of limiting ETE coverage to periods of 5 days. This practice was set forth in Rental Letters, including the letter that Travelers sent to the Stecherts after the accident. The Rental Letter informed insureds that the ETE coverage lasts for only 5 days unless the period is renewed by Travelers. The 5-day rental practice was also reflected in a "Knowledge Guide" that Travelers used to train its agents in the proper handling of claims. That Knowledge Guide was consistent with the Rental Letter and stated, in relevant part: "[i]n general, you should instruct the . . . claimant that it is reasonable to limit rental to 5 or less days from the day that total loss figures have been communicated."[5]

That 5-day limitation is in direct conflict with the limitation specified in the Stecherts' policy, which provides for 30-days of coverage in the absence of a determination that it is reasonable for the insureds to obtain alternative transportation sooner. Despite statements in Travelers' brief to the contrary, the record does not establish that any such determination was ever made. Accordingly, there is at least a

---

[4] *Id.*
[5] Br. for Appellant, 14.

genuine issue of material fact as to whether a Travelers' agent determined that the it was reasonable for the Stecherts to obtain transportation before the 30-day policy limit.

It is, however, uncontested that 21 days after the loss of the Equinox, the Stecherts felt compelled to lease another car because Travelers' representatives had led them to believe that their ETE coverage was ending and no more "extensions" would be granted. On February 12, Travelers called Mr. Stechert to ask if the Stecherts had found a replacement vehicle. According to Travelers, Hamrah left a voicemail for Mr. Stechert. Although Hamrah and Stechert did not speak, Hamrah claims that she extended the rental car coverage until February 18. Not receiving the message, and believing that their coverage would end on February 13, the Stecherts signed a lease for a replacement vehicle on February 12. There is testimony that the Stecherts were still waiting for a letter of guarantee when Travelers extended the rental to February 21, which was the maximum date allowed by the ETE provision of the policy. The Stecherts allege that they were thereby forced to acquire a vehicle they were not satisfied with and would not have otherwise leased had they not believed their rental car coverage was ending. The Stecherts contend that they were injured as a result of Travelers' actions because the vehicle that they felt compelled to lease was 2 years older than their Equinox, had almost 50,000 more miles, and cost nearly twice as much per month.

**II.**

We exercise de novo review over the grant of summary judgment and we conduct the same analysis as the District Court.[6]  Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[7]  The moving party has the burden of proving that the record contains no genuine issue of material fact.[8]  Summary judgment is proper when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[9]  Our review must examine the facts in the light most favorable to the non-moving party.

In Pennsylvania, in order to prevail on a breach of contract claim, the plaintiff must demonstrate three elements: 1) the existence of a contract, 2) a breach of duty, and 3) damages as a result of the breach.  The second and third elements are at issue here.

Examining the facts in the light most favorable to the Stecherts, a reasonable factfinder could conclude that Travelers breached its contract given the inconsistencies between 1) the Stecherts' insurance policy with Travelers, 2) Travelers' internal documents which appear to direct agents to limit replacement coverage to 5 days, and 3) the conduct of Travelers' agents which is consistent with 5-day limitation and contrary to the 30-day ETE coverage set forth in the policy.

---

[6] *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).
[7] Fed. R. Civ. P. 56.
[8] *Id.*
[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In granting summary judgment, the District Court concluded that the events that transpired throughout the life of the Stecherts' claim were miscommunications between both parties, and ultimately mistakes, rather than a breach of contract.[10] A factfinder may agree. However, that conclusion is inconsistent with this record when viewed in the light most favorable to the Stecherts. There is clearly a discrepancy between Travelers' internal communications to its agents and the terms of the ETE coverage in the Stecherts' policy. Looking to Pennsylvania law governing the interpretation of insurance contracts, we must examine the totality of the circumstances to determine insureds' reasonable expectations. If the insurer changes the terms of coverage, it must demonstrate that the insured was "notified of, *and understood* the change."[11]

Travelers purported to extend the rental coverage five times throughout the life of the claim (January 23, January 27, February 4, February 6, and February 9). Stechert requested three extensions, two of which were granted. According to Mr. Stechert, the third request on February 6 was not granted. In each instance, there was no determination of a reasonable amount of time to find a replacement vehicle, as set forth in the ETE policy.[12]

The District Court noted that had the defendants adhered to the 5-day limitation in the "Rental Reimbursement/Loss of Use Notice" and terminated plaintiff's benefits, the

---

[10] *Stechert v. Travelers Home & Marine Ins. Co.*, No. 17-CV-784, 2018 WL 2267447, at *9 (E.D. Pa. May 17, 2018).

[11] *Bensalem Tp. v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1309 (3d Cir.1994) (quoting *Tonkovic v. State Farm Mut. Auto Ins. Co.*, 521 A.2d 920 (1987)).

[12] *See* Br. for Appellant, 9; Br. for Appellee, 22; *see also* JA 0720 – 0721.

7

outcome would have been different.[13]  Yet, a factfinder could conclude that the very

imposition of a 5-day limitation was contrary to the terms of the insurance policy and that

it resulted in pressuring the Stecherts into leasing a replacement car that they would not

otherwise have had to acquire and that was a "total lemon."[14] We also note that Amanda

Lanzy, who worked in the total loss department and handled the Stecherts' claim prior to

the vehicle being determined a total loss, testified in a deposition about the apparent

inconsistencies between the policy and the Rental letter. She admitted that the letter

appears to limit the coverage provided in the Stecherts' policy.

The District Court also held that the calculation of damages was speculative

because the Stecherts received the full 30 days of benefits and that it is unclear what

vehicles were available to the Stecherts throughout the period of coverage.[15] Given our

conclusion that summary judgment was not appropriate we need not address the

Stecherts' claim that the District Court erred in discussing alleged damages.  However,

on remand, the District Court will note that we have acknowledged that when calculating

damages "mathematical certainty is not typically required, the general rule in

Pennsylvania, as in most jurisdictions, is that if damages are difficult to establish, an

injured party need only prove damages with reasonable certainty."[16] We express no

---

[13] *Stechert v. Travelers Home & Marine Ins. Co.*, No. 17-CV-784, 2018 WL 2267447, at *9 n.4.  Although the District Court viewed the proffered testimony about a five-day limitation period as a "mis-communication," we must view the evidence in the light most favorable to the Stecherts.  So viewed, it is evidence of a practice that directly conflicts with the ETE provisions of the policy.

[14] *Id.* at *6.

[15] *Stechert*, 2018 WL 2267447, at *6.

[16] *ATACS Corp. v. Trans World Commc'ns*, 155 F.2d 659, 669 (3d Cir. 1998).

opinion regarding the ultimate damages that the Stecherts may be able to prove if they are successful on their claim(s).

The Stecherts also claim that the District Court erred as a matter of law in concluding that Travelers' conduct did not amount to bad faith under 42 Pa C.S.A. § 8371.[17] We have explained that the "essence of bad faith claims is the unreasonable and intentional (or reckless) denial of benefits."[18] For bad faith claims, summary judgment in favor of an insurer is inappropriate "when there is no clear and convincing evidence that [its] conduct was unreasonable and that it knew or recklessly disregarded its lack of a reasonable basis in denying the claim."[19] Plaintiff's burden to prove bad faith requires "clear, direct, weighty, and convincing" evidence, as well as its heightened burden in opposing summary judgment on bad faith claims.[20]

While the District Court focused on the fact that the Stecherts technically received the full 30 days of coverage of the policy, the appropriate inquiry under §8371 is the "*manner* in which insurers discharge their duties of good faith and fair dealing during the pendency of an insurance claim, not whether the claim is eventually paid."[21]

The Stecherts claim that Travelers violated 42 Pa C.S.A. § 8371 through the misrepresentation of their benefits in the "Loss of Use" letter and by "failing to conduct

---

[17] 42 Pa. C. S. § 8371.
[18] *Amica Mut. Ins. Co. v. Fogel,* 656 F.3d 167, 179 (3d Cir. 2011) (quoting *UPMC Health Sys. v. Metro. Life. Ins. Co.*, 391 F.3d 497, 506 (3d Cir.2004)).
[19] *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (quoting *Bostick v. ITT Hartford Grp.,* 56 F.Supp.2d 580, 587 (E.D.Pa.1999)).
[20] *Id*; *see also Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 752 (3d Cir. 1994).
[21] *Wolfe v. Allstate Prop. & Cas. Ins. Co*., 790 F.3d 487, 499 (3d Cir. 2015) (quoting *Berg v. Nationwide Mut. Ins. Co.,* 44 A.3d 1164, 1177 (Pa. Super. Ct.2012)).

the analysis needed to determine the amount of time its insureds reasonably required to replace their vehicle without terminating ETE benefits as required by Travelers' insurance policy."[22] For claims against insurers in Pennsylvania, bad faith is "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent." [23] A reasonable fact finder could conclude on this record that the manner in which the claim was handled evidenced Travelers' bad faith. However, that conclusion is not mandated by this evidence and there is therefore a genuine issue of material fact as to Travelers' liability under 42 Pa C.S.A. § 8371.

For the reasons set forth above, we will reverse the grant of summary judgment and remand to the District Court for further proceedings consistent with this opinion.

---

[22] Br. for Appellant, 43.

[23] *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).